# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WARREN WAGNER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8930** |
| **DAVID SINTES, SINTES FIBERGLASS DESIGNS, INC., ABC INSURANCE COMPANY AND THE AMERICAN INSURANCE COMPANY** | **SECTION B(1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion To Remand (Rec. Doc. No. 16) and Defendant, David Sintes's Motion to Dismiss (Rec. Doc. No. 7). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED** and Defendant's Motion to Dismiss is **DENIED** as moot.

## *BACKGROUND*

On or about August 29, 2005, Hurricane Katrina struck New Orleans causing significant damaged to Defendant, David Sintes's business facilities and plywood owned by Plaintiff, which was located therein. On August 28, 2006, Plaintiff filed suit against Defendants, David Sintes, Sintes Fiberglass Designs, Sintes Marine Fabricators, The American Insurance Company ("American") and ABC Insurance Company in Civil District Court for the Parish of Orleans. Plaintiff generally alleged claims of breach of contract, fraud, unjust enrichment and conversion. American removed the matter to federal court claiming that diversity of citizenship exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. American argues that it was improperly joined as a defendant. Plaintiff contends that American was

1

properly joined as a defendant; therefore, diversity of citizenship is destroyed. Thus, Plaintiff claims this Court lacks jurisdiction and moves the Court to remand.

## *LAW AND ANALYSIS*

**A.     Fraudulent Misjoinder[1]**

American claims that it was fraudulently misjoined because the claims against it are "parallel," "separate," and "unrelated" to the claims against Sintes. In *Tapscott v. M.S. Dealer Services Corp.*, 77 F.3d 1353 (11th Cir. 1966), the court held that only "egregious" misjoinders allow a court to ignore the citizenship of a non-diverse defendant. For example, joinder of claims against an insurer and an insurance agent are not uncommon and are allowed. *See, e.g., Ferguson v. Security Life of Denver Ins. Co.*, 996 F. Supp. 597 (N.D. Tex. 1998). In the present case, all of Plaintiff's claims against Defendants involve the same property and related issues of law. More importantly, they present overlapping questions of fact.

Despite American's contentions, the success or failure of Plaintiff's claims against Sintes will directly affect the outcome of his claims against American. Specifically, if Plaintiff is unable to establish that Sintes is liable for the losses alleged in the petition for damages, Plaintiff will have no recovery against American. American argues that Plaintiff's claims are wholly unrelated because his claims involve separate agreements between Plaintiff and the defendants. The Court finds this reasoning to be unpersuasive. Therefore, American was not fraudulently "misjoined."

**B.     Plaintiff is not entitled to attorneys fees and just costs**

---

[1] Although American claims that it was "improperly joined" by Plaintiff to defeat diversity, the arguments raised against remand are more properly classified under the theory of "fraudulent misjoinder." For example, American does not allege the inability of Plaintiff to establish a cause of action against American, but argues that Plaintiff's claims against it are unrelated to his claims against Sintes. Therefore, the Court will analyze the arguments under the latter theory.

Plaintiff asserts that Defendant's removal lacked an objectively reasonable basis and, therefore, move the Court to award attorneys fees and just costs. 28 U.S.C. § 1447(c) provides that a remand order may require payment of attorney's fees. *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 709 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 711. Defendant's arguments appear objectively reasonable. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **GRANTED,** Plaintiff's Motion for Attorney's Fees is **DENIED** and Defendant's Motion to Dismiss is **DENIED as moot.**

New Orleans, Louisiana this 21st day of March, 2007.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE